UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHN PARKER,**

    **Plaintiff,**

vs.                                                                             **Case No. 8:14-cv-00353-T-27MAP**

**DELA, INC. et al.,**

    **Defendants.**

_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion to Strike Defendants' Affirmative Defenses to Plaintiff's Complaint (Dkt. 14), to which Defendants have responded in opposition (Dkt. 16). Upon consideration, the motion (Dkt. 14) is **GRANTED** *in part* and **DENIED** *in part*.

### *Standard*

A court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are disfavored, however, and are a "drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); *Wells Fargo Bank, N.A. v. Osprey Commerce Ctr., LLC*, No. 8:13-cv-1738-T-27MAP, 2014 WL 1271460, at *1 (M.D. Fla. Mar. 26, 2014) (Whittemore, J.). Nevertheless, district courts have broad discretion in determining whether to grant a motion to strike. *Osprey Commerce Ctr.*, 2014 WL 1271460, at *1.

A court may strike an affirmative defense if it is insufficient as a matter of law. *Wlodynski v. Ryland Homes of Fla. Realty Corp.*, 8:08-cv-00361-T-2MAP, 2008 WL 2783148, at *1 (M.D. Fla.

1

July 17, 2008). An affirmative defense is insufficient as a matter of law if "it appears to a certainty that the plaintiff would succeed despite any set of facts which could be proved in support of the defense." *Equal Employment Opportunity Comm'n v. First Nat'l Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980). Affirmative defenses must also offer more than "labels and conclusions" or a "formulaic recitation" of the elements of the defense. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). *See also Paylor v. Hartford Fire Ins. Co.*, ___ F.3d ___, No. 13-12696, 2014 WL 1363544, at *7 (11th Cir. Apr. 8, 2014) (pleadings lacking specific factual allegations must be *sua sponte* stricken).

### *Discussion*

Plaintiff moves to strike Defendants' Third, Fifth, Eighth, Ninth, Tenth, and Eleventh Affirmative Defenses, as well as Defendants' claim for attorneys' fees in the Answer (*see* Dkt. 12). Defendants do not respond as to the Third, Tenth, and Eleventh Affirmative Defenses (*see* Dkt. 16), and the motion is therefore deemed unopposed as to those affirmative defenses. In any event, the Third, Tenth, and Eleventh Affirmative Defenses do not offer more than "labels and conclusions" identifying the affirmative defenses. *See Iqbal*, 556 U.S. at 678. The motion will therefore be granted as to the Third, Tenth, and Eleventh Affirmative Defenses.

The Fifth Affirmative Defense reads:

> If there is a finding of any violation of the FLSA, Plaintiff is not entitled to liquidated damages because the act or omission allegedly giving rise to this FLSA action was in good faith, and Defendants had reasonable grounds for believing that its act or omission was not a violation of the FLSA. *See* 29 U.S.C. § 260.

(Dkt. 12 at 4). The Fifth Affirmative Defense is sufficiently detailed to put Plaintiff on fair notice and therefore need not be stricken. In any event, Defendants' contention that liquidated damages are

2

not owed because they did not act in bad faith is more properly considered a specific denial of the factual allegations in the complaint. In such instances, the proper remedy is not to strike the defense, but to treat it as a denial. *See Royal Caribbean Cruises, Ltd. v. Jackson*, 921 F. Supp. 2d 1366, 1372 (S.D. Fla. 2013). *See generally In re Rawson Food Serv. Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1989) ("A defense which points out a defect in the Plaintiff's prima facie case is not an affirmative defense.").

The Eighth and Ninth Affirmative Defenses both allege set-off defenses:

> 8. Defendants are entitled to a set-off for any payments made to Counter-Plaintiffs for non-compensable time, including time that Plaintiff claimed he worked but was actually spending in the nearby casino.
>
> 9. Defendants are entitled to a set-off for unauthorized discounts he gave to customers.

(Dkt. 12 at 5). While the Eighth Affirmative Defense sets out sufficient factual detail to give fair notice of the defense, the Ninth Affirmative Defense does not offer more than a conclusory legal statement and therefore must be stricken. *See Iqbal*, 556 U.S. at 678.

Finally, Plaintiff moves to strike Defendants' request for attorneys' fees (*see* Dkt. 12 at 6). Defendants did not specifically respond to Plaintiff's argument that the attorneys' fees request should be stricken, and the request is therefore deemed unopposed. In any event, prevailing defendants are not entitled to attorneys' fees under the Fair Labor Standards Act. *See Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1542-43 (11th Cir. 1985) ("Unlike other legislation which authorizes fee awards to prevailing parties, the Fair Labor Standards Act does not specifically provide attorney's fees to prevailing defendants.").

Accordingly, Plaintiff's Motion to Strike Defendants' Affirmative Defenses to Plaintiff's Complaint (Dkt. 14) is **GRANTED *in part*** and **DENIED *in part***. The motion is granted to the

extent that Defendants' Third, Ninth, Tenth, and Eleventh Affirmative Defenses, as well as the request for attorneys' fees, are **STRICKEN**. In all other respects, the motion is denied.

Defendants are **GRANTED** leave to file an amended answer and affirmative defenses within **fourteen (14) days** of the date of this Order.

**DONE AND ORDERED** this 13th day of May, 2014.

                                        JAMES D. WHITTEMORE
                                      United States District Judge

Copies to: Counsel of Record